## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JE DUNN CONSTRUCTION COMPANY, a foreign business corporation, | Case No. 4:20-cv-00158-BLW |
| Plaintiff/Counter Defendant, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| OWELL PRECAST LLC, dba OLYMPUS PRECAST, LLC, | |
| Defendant/Counterclaimant/ Cross-Petitioner, | |
| v. | |
| ERIKSSON TECHNOLOGIES, INC., a foreign business corporation, | |
| Respondent on Cross-Petition, | |

## INTRODUCTION

Before the Court is JE Dunn's Petition to Compel Arbitration. Dkt. 1. JE

Dunn's Motion to Compel Arbitration and Strike Defendant Olympus'

Counterclaims. Dkt. 8. Olympus' Cross-Petition to Compel Arbitration. Dkt. 9. JE

Dunn's Motion to Strike Olympus' Cross-Petition to Compel Arbitration. Dkt. 15.

**MEMORANDUM DECISION AND ORDER - 1**

And, Eriksson Technologies Motion to Dismiss Olympus' Cross-Petition. Dkt. 21. Briefing on all motions is complete.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in motions, the briefs on the merits, and the record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter will be decided on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1. For the reasons that follow, the Court will grant JE Dunn's petition to compel arbitration, grant JE Dunn's motion to strike Olympus' counterclaims, require supplemental briefing on Olympus' petition to compel arbitration, and deny the remaining motions.

## BACKGROUND

The claims in this case arise out of a contract dispute between J.E. Dunn (JED) and Olympus, related to precast concrete roof panels used in the Grey Wolf Project in Pocatello, Idaho.

On August 1, 2017 Olympus entered into a contract with JED for the Grey Wolf Project. Dkt. 8-2 at 4. The Contract was signed by the owner of Olympus and the vice president of JED. *Id.* at 7-8. The contract indicates that JED had the prime contract with a government client. In its contract with Olympus, JED is identified

as the Design/Builder, and Olympus is identified as the Contractor. *Id.* at 4. Article

1.1.3 identifies "The Work" as the "construction and services required by the

Contract Documents, … required to fulfill the Contractor's obligations." Article

11.3 states that the contractor consents to joinder in any dispute or claim resolution

process under the prime contract, including arbitration. Article 11.4 states:

> Any claim or dispute not involving the Prime Contract or waived in
> this Contract shall be subject to arbitration unless the parties agree
> otherwise. The parties shall endeavor to resolve claims and disputes
> by mediation.

Article 11.5 states that any arbitration award shall be final. Article 12.1 states that

the contract shall be governed by the law of the place where the Work is located.

On August 19, 2019 JED sent Olympus a letter alleging Olympus materially

breached the contract. Dkt. 8-2 at 9. The letter alleges Olympus's breach led to

failure of the pre-cast in-plane roof connections at the project as well as

delamination, effervescence, and bowing of precast panels. *Id.* JED sought to

recover $1.58 million in overpayment due to the alleged breach. *Id.* at 16.

In December 2019 and continuing through early 2020 Olympus and JED

discussed an arbitration agreement to resolve their disputes. Dkt. 8-2 at 17-29. It

appears that the discussions related to the arbitration agreement broke down

because the parties could not agree on venue, the number of arbitrators, or

including potentially liable third parties. *Id.* at 18.

On February 28, 2020, Olympus filed a complaint alleging contract claims against JED and a Miller Act claim against various sureties in a separate case.[1] *Olympus Precast v. J.E. Dunn*, *et al.*, 1:20-cv-00103-SAB, Dkt. 1. On March 30, 2020, JED initiated the present case, Case No. 4:20-cv-00158-BLW, by filing a petition to compel arbitration. Dkt. 1. In its petition, JED alleges Olympus proceeded with fabrication and installation of precast panels without fully approved shop drawings. *Id.* ¶ 14. The petition further alleges that Olympus continues to withhold its consent to enter into an arbitration agreement or select a panel of arbitrators. *Id.* ¶ 16. On May 1, 2020, Olympus filed an answer to the petition and counterclaims, which are the same claims it had originally brought against JED in the case before Judge Bastian. Dkt. 6. On May 5, 2020, JED filed a motion to compel arbitration and to strike Olympus' counterclaims. Dkt. 8.

On May 12, 2020, Olympus filed a cross-petition to compel arbitration. Dkt. 9. The cross-petition seeks to compel Eriksson Technologies to join in arbitration of the Olympus/JED dispute. Olympus alleges that it subcontracted its design

---

[1] On May 1, 2020, Olympus filed a motion to consolidate both cases. 1:20-cv-00103-SAB, Dkt. 15. On June 22, 2020, Judge Bastian granted JED's motion to stay that case pending a decision on the petition to compel arbitration in this case. 1:20-cv-00103-SAB, Dkt. 24.

obligations for the project to Eriksson.[2] *Id.* at 3. In the cross-petition Olympus states that it entered into a contract with JED, as described above, which included an arbitration provision regarding any disputes arising from the project. *Id.* ¶¶ 8-9. Olympus alleges Eriksson was aware of, relied on, and substantially benefited from, the JED-Olympus Contract, and that JED relied on the Olympus-Eriksson Contract. *Id.* ¶¶ 11-15.

On June 2, 2020, JED filed a motion to strike Olympus' cross-petition alleging it was procedurally improper. Dkt. 15. On June 19, 2020, Eriksson filed a motion to dismiss the Olympus' cross-petition. Dkt. 21. Eriksson's motion alleges that it never agreed to arbitration and is not a party to the JED-Olympus contract. Dkt. 21-1.

## LEGAL STANDARD

The Federal Arbitration Act provides that "any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable' and permits a party 'aggrieved by the alleged ... refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th

---

[2] Olympus has not included its contract with Eriksson as an exhibit so the Court relies on the allegations in the cross-petition.

Cir. 2000) (citing 9 U.S.C. §§ 2 and 4).

By its terms, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Accordingly, the Court's role under the FAA is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp.*, 207 F.3d at 1130. The party seeking to compel arbitration has the burden of proving each requirement. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). If the Court answers yes to each of the above questions, the FAA requires that the Court enforce the arbitration agreement in accordance with its terms. *Id*.

## ANALYSIS

As an initial matter there is some confusion regarding the procedural treatment of a petition to compel arbitration. JED filed its petition to compel arbitration, to which Olympus filed an answer and counterclaims. Olympus then filed a petition to compel Eriksson to arbitrate, to which Eriksson filed a motion to dismiss. JED has also filed a motion to compel arbitration, which for the reasons

explained below, is superfluous due to its already filed petition.[3]

Rule 81(a)(6) states that in arbitration proceedings under the FAA, including petitions to compel arbitration pursuant to 9 U.S.C. § 4, the Federal Rules of Civil Procedure govern, "except as [9 U.S.C.] provide[s] other procedures." Fed. R. Civ. P. 81(a)(6). Section 6 instructs that "[a]ny application to the court hereunder [including petitions to compel under § 4] shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6.

The Ninth Circuit has not directly addressed whether a petition to compel arbitration, filed without a complaint, should be treated as a pleading or a motion.[4] In *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, the Supreme Court stated that a petition filed to compel arbitration, without an accompanying complaint, was properly treated as a motion. 460 U.S. 1, 22 n.26 (1983). The Second Circuit has also held that a petition to compel arbitration is procedurally to be treated as a motion and not as a pleading, thus no answer may be filed. *ISC*

---

[3] The Court considered the briefing related to the motion to compel arbitration in deciding JED's petition to compel arbitration.

[4] In *Sintek v. Prudential Ins. Co. of Am.*, No. 98-55754, 1998 WL 792319, at *1 (9th Cir. Nov. 13, 1998), the Ninth Circuit recognized that a petition is effectively a motion. District courts in the Ninth Circuit have adopted this understanding as well. *Bridgeport Mgmt., Inc. v. Lake Mathews Mineral Properties, Ltd.*, 2014 WL 953831, at *3 (N.D. Cal. Mar. 6, 2014).

*Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 114 (2d Cir. 2012). This

comports with the language of Rule 7, which provides an exhaustive list of the

pleadings allowed, and does not including a petition to compel arbitration. Fed. R.

Civ. P. 7(a). Rule 7(b) provides that "[a] request for a court order must be made by

motion." Here, JED filed a petition seeking an order compelling arbitration (Dkt.

1).[5] Olympus filed a cross-petition seeking an order to compel Eriksson to

participate in any arbitration ordered between JED and Olympus. The Court will

treat both petitions as motions.[6] Due to the confusion around the nature of petitions

to arbitrate JED also filed a motion to compel arbitration and Eriksson filed a

motion to dismiss. The parties have responded to both of these documents;

however, neither Olympus nor Eriksson has filed any exhibits in support of their

position.

---

[5] This understanding is also supported by a hypothetical based on a slightly different set of facts – if JED had filed its petition to compel arbitration in the related case initiated by Olympus it almost certainly would have been treated as a motion instead of a pleading. Indeed, Olympus had already filed a complaint and could not then file an answer to JED's petition, but instead would have filed a response. The Court finds it odd that JED initiated a new case instead of filing its petition in the related case, but cannot say this was improper. *Unite Here Int'l Union v. Shingle Springs Band of Miwok Indians*, 2016 WL 4041255, at *3 (E.D. Cal. July 27, 2016) ("[T]he Ninth Circuit and district courts in this Circuit routinely treat petitions to compel arbitrations as capable of instituting a court action.")

[6] Courts apply the summary judgment standard in ruling on motions/petitions to compel arbitration. *Burch-Lucich v. Lucich*, 2013 WL 5876317, at *4 (D. Idaho Oct. 31, 2013).

MEMORANDUM DECISION AND ORDER - 8

### A.    Motion to Strike

JED moves to strike Olympus' counterclaims arguing they are procedurally improper and allowing counterclaims, under Rule 13, to a petition to compel arbitration would conflict with the FAA. Olympus responds that JED has created the need for it to file counterclaims by initiating a separate action instead of filing its petition to compel in the related action. Olympus further responds that JED's motion to strike is simply dilatory.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question. *Id*. Granting a motion to strike may be proper if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues. *Fantasy*, 984 F.2d at 1527–28. However, motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D.Cal.2004) (citations omitted). "Some

courts also refuse to grant Rule 12(f) motions unless prejudice would result to the moving party from denial of the motion." *Id*. If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970 (9th Cir.2010).

"With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt*, 352 F.Supp.2d at 1057 (citations omitted). Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. *See Whittlestone*, 618 F.3d at 973.

When considering a petition to compel arbitration the Court's role is "strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991). The Court "must be careful not to overreach and decide the merits of an arbitrable claim." *Id.*

Here, Olympus counterclaims were raised in its complaint in the related case before Judge Bastian. If the Court were to deny JED's petition to compel arbitration Olympus could proceed on its claims in the related action and need not

raise them here. *See* Fed. R. Civ. P. 13(a)(2)(A). Further, because the petition to compel is properly treated as a motion, and not as a complaint, the counterclaims are not properly raised here. Ultimately, Olympus' counterclaims have no bearing on the resolution of the petition to compel and are immaterial to this case. Accordingly, the Court will grant JED's motion to strike Olympus' counterclaims.

### B.    JED's Petition to Compel Arbitration

JED argues that there is a valid and enforceable contract requiring Olympus to arbitrate the parties' dispute and that Olympus has failed or refused to arbitrate. *Pl.'s Mem.* at 6, Dkt. 8-1. In response Olympus argues that JED has not met its burden because its motion is not based on admissible evidence, and because of this it has not shown that the dispute is subject to arbitration. *Def.'s Resp.* at 2-5, Dkt. 13. Further, Olympus argues that JED has not shown it is a "party aggrieved" or that Olympus has refused to arbitrate. *Id.* at 6.

### 1.  The Contract

Olympus raised a similar argument regarding the admissibility of the contract in the related case before Judge Bastian. Judge Bastian dismissed this objection as unfounded because Olympus relied on out-of-date evidentiary rules. Case No. 1:20-CV-00103-SAB, Dkt. 24 at 4 (D. Idaho June 22, 2020). This Court agrees with Judge Bastian that Olympus' objections to the form of the evidence is

unfounded. First, Olympus relies on an outdated version of Federal Rule of Civil Procedure 56. Under the revised version of Rule 56 only the substance of the proffered evidence need be admissible at trial.[7] Fed. R. Civ. P. 56(c); *Dinkins v. Schinzel*, 362 F. Supp. 3d 916, 922 (D. Nev. 2019). Second, Olympus does not argue the contract introduced by JED is something other than what it purports to be or that it does not govern this dispute. Instead, Olympus solely focuses on the way the contract has been entered into the record. Third, Olympus relies on the very same contract it finds so objectionable in both its counterclaims and its cross-petition to compel arbitration. *Answer* at 5-6, Dkt. 6; *Cross-Petition* ¶ 8, Dkt. 9. There is no reason to believe that the contract is not what it purports to be or that it would not be admissible at trial.

Olympus does not seriously dispute that it entered into the contract with JED or that the contract governs the current dispute. Olympus' only real argument is, as described above, that JED has not authenticated the contract, which is unavailing. Dkt. 13 at 5. The contract, which contained the arbitration provision, was signed by

---

[7] The Court notes that the contract bears the signatures of the vice president of JED and the owner of Olympus. Any deficiencies in the way the contract was entered in the record could easily be cured by a supplemental affidavit of JED's vice president. If the Court was to agree with Olympus and deny the petition based on admissibility of the contract, the error would presumably be cured and the only result would be needless delay.

both JED's vice president and Olympus' owner. Olympus has not alleged that it did not enter into the contract or that the contract is not valid. Instead, it relies on the contract and the arbitration provision therein in support of its cross-petition. Thus, the Court finds that a valid agreement to arbitrate exists. The Court also finds that the agreement governs the dispute at issue. Article 11.4 of the contract states that "any claim or dispute not involving the Prime Contract or waived in this Contract shall be subject to arbitration…." There is no allegation that this dispute involves the prime contract or was waived in the present contract. The record and briefing show that this dispute falls within the scope of the arbitration agreement.

### 2.  "Party Aggrieved"

Whether JED is a "party aggrieved" is a much closer question. On one hand, Olympus has expressed a willingness to arbitrate—even filing a cross-petition to compel arbitration of a third party. On the other hand, Olympus has apparently refused to arbitrate without, what it believes are necessary third parties. Olympus also waited almost three months to raise it's concerns about the venue, number of arbitrators, and arbitration rules. Dkt. 8-2 at 18. Olympus also initiated a lawsuit against JED and its sureties—which appeared willing to arbitrate (Dkt. 8-2 at 26)—ostensibly to preserve its Miller Act claim, but included breach of contract claims against JED. Olympus also filed counterclaims against JED for breach of

contract in the present lawsuit.

To support its position that it has not refused to arbitrate, Olympus relies on cases relating to a refusal to arbitrate in a specific forum.[8] First these cases are from district courts outside the Ninth Circuit; second, they are distinguishable; and third, Olympus does not meaningfully address its refusal to arbitrate until the arbitration includes "all necessary parties." Dkt. 13 at 10.

The Federal Arbitration Act provides "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may petition for enforcement of the agreement. 9 U.S.C. § 4.

Olympus, relying on *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995), suggests that there must be an unequivocal refusal to arbitrate.[9] The

---

[8] In *Broadcort Capital Corp. v. Dutcher*, 859 F. Supp. 1517 (S.D.N.Y. 1994), the Court held that the plaintiff was not a "party aggrieved" because the defendant had already initiated arbitration in San Francisco and only refused the plaintiff's attempt to force it to arbitrate in New York. In *Dean Witter Reynolds Inc. v. Prouse*, 831 F. Supp. 328, 332 (S.D.N.Y. 1993), the defendant sought to compel arbitration before its chosen arbiter, which the court refused because the plaintiff had "expressed every willingness" to arbitrate in the forum prescribed by the contract. In *Aaacon Auto Transp., Inc. v. Barnes*, 603 F. Supp. 1347, 1349 (S.D.N.Y. 1985), the court declined to compel the defendant to arbitrate because it had already brought arbitration proceedings as prescribed in the contract. In *Aaacon* the plaintiff wanted to arbitrate in New York, but the AAA, which was the chosen arbitrator had chosen Maryland as the appropriate forum.

[9] In *PaineWebber* the court was considering when an action to compel arbitration accrued. There, the court determined that a writ of summons, which did not state any claims, and (Continued)

Ninth Circuit has not adopted the "unequivocal refusal" standard. In *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2011 WL 6014438 (N.D. Cal. Dec. 2, 2011), the court held that defendant's refusal to arbitrate in plaintiff's chosen forum, when defendant had not otherwise initiated arbitration constituted a refusal to arbitrate. There, the court relied on the Federal Arbitration Act's "policy of rapid and unobstructed enforcement of arbitration agreements" to find that a refusal to arbitrate in the chosen forum constituted a "refusal." *Id.* at 4. In reaching its holding the court stated:

> If a party were deemed not to have "refused" arbitration so long as it expressed a willingness to arbitrate in some venue somewhere, then a valid arbitration agreement could be rendered meaningless by the parties' inability to settle on a mutually agreeable location, and courts would be powerless to intervene.

*Id.*

Also relevant here, multiple courts have held that, by filing a complaint in court raising otherwise arbitral claims, a party gives the adverse party actual notice of its refusal to arbitrate. *Roque v. Applied Materials, Inc.*, 2004 WL 1212110, at *4 (D. Or. Feb. 20, 2004); *In re Cintas Corp. Overtime Pay Arbitration Litig.*,

---

a draft complaint, which was not filed in court did not manifest a refusal to arbitrate, especially where the parties had engaged in protracted settlement negotiations. Ultimately the court held that the action to compel arbitration accrued when the defendant filed its complaint in court expressing its manifest intent not to arbitrate.

2007 WL 1089695, at *3 (N.D. Cal. Apr. 11, 2007).

While it would be more expeditious to include all potential parties, that is not what the FAA requires. The FAA "requires piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20 (1983). Thus Olympus' refusal to arbitrate until all parties it believes are necessary are joined cannot prevent arbitration if those parties are not party to the agreement to arbitrate.

On December 18, 2019 counsel for JED sent a draft arbitration agreement to counsel for Olympus. Dkt. 8-2 at 29. On January 13, 2020 counsel for Olympus returned a redline of the draft agreement. Over the course of January and February Olympus continued to discuss the possibility of adding third parties to the arbitration agreement. Counsel for JED responded "if there is no arbitration clause in [the third parties'] agreements, its not going to happen. Any claims against those parties would have to be resolved in an independent action." *Id.* at 27. Then on March 27, 2020, after Olympus initiated its lawsuit, counsel for Olympus, apparently for the first-time, raised concerns about the venue, number of arbitrators, and rules to conduct arbitration. *Id.* at 18. Finally, when JED moved to stay the related action to allow arbitration to proceed first Olympus opposed that motion.

While Olympus' belated objections to the forum or number of arbitrators may not rise to "refusal." They certainly would rise to neglect where Olympus had the draft agreement for three months. Further, Olympus' refusal to arbitrate until all parties it viewed as necessary were joined in the arbitration—when those parties may not be subject to the arbitration agreement in the contract—constitutes refusal to arbitrate under the arbitration agreement in the contract. Finally, Olympus filing and opposition to staying the related lawsuit further confirms its refusal to arbitrate its dispute with JED. Therefore, the Court finds that JED is a "party aggrieved" under 9 U.S.C. § 4.

Accordingly, the Court will grant JED's petition to compel arbitration.

**C.     Olympus' Cross-Petition**

Olympus filed a cross-petition asking to the Court, in the event granted JED's motion to compel arbitration, to compel JED to arbitrate all claims in the cross-petition and to compel Eriksson to participate in that same arbitration. Dkt. 9. JED has moved to strike the cross-petition, arguing it is procedurally improper. Eriksson has filed a 12(b)(6) motion to dismiss the cross-petition.

The Court turns first to JED's motion to strike. It is unclear whether a defendant can file a cross-petition to compel a third-party to participate in arbitration in the same action as the petition to compel arbitration by the plaintiff.

JED argues that § 4 of the FAA provides no means for a respondent to join a third-party. Dkt. 15 at 5. However, the FAA does not explicitly preclude this option, and JED cites no caselaw to the contrary. JED cites Federal Rule of Civil Procedure 14 governing third party practice to argue that the Court may strike the cross-petition. *Id.* at 6-7. There is some question whether Rule 14 applies here, because, as discussed above, petitions to compel arbitration are treated as motions and not pleadings, and Rule 14 focuses on third-party complaints. *See* Fed. R. Civ. P. 81(a)(6)(B). Even if Rule 14 applies, "whether a third-party defendant may be impleaded under Rule 14 continues to be a question addressed to the sound discretion of the trial court." 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1443 (3d ed.).

This Court has not found a case directly addressing this issue.[10] However, in *Gen. Atomic Co. v. Felter*, the Supreme Court stated that a defendant "has every right" to implead third-parties in federal lawsuits and federal arbitration proceedings under Rule 14 and the FAA. 434 U.S. 12, 17 (1977). Further, courts regularly entertain cross-petitions when determining whether to compel arbitration.

---

[10] In *Steadfast Ins. Co. v. Palmetto Civil Grp., LLC*, 2017 WL 5972690, at *2 (D.S.C. Dec. 1, 2017), the Court rejected the plaintiff's argument that Rule 14 precluded the defendant/third-party plaintiff from compelling arbitration because it found the claims were subject to arbitration, irrespective of whether the third-party was party to the case.

*See, e.g., Fireman's Fund Ins. Co. v. Sorema N. Am. Reins. Co.*, 1995 WL 597266, at *1 (N.D. Cal. Jan. 11, 1995) (considering petition to compel arbitration and cross-petition to require impartial arbitrators).[11]

Based on the foregoing, the Court does not believe there is anything inherently improper in Olympus' cross-petition. This is also confirmed by the FAA's overarching purpose "to ensure the enforcement of arbitration agreements according to their terms so as to facilitate informal, streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 334 (2011). If the Court were to strike Olympus' cross petition and Eriksson refused to arbitrate despite Olympus' belief that it was required to, Olympus could file a new petition to compel arbitration. Ultimately, this would only result in further delay and expense in determining whether Eriksson can be compelled to arbitrate under the JED-Olympus contract. *See* 9 U.S.C. § 4; Fed. R. Civ. P. 1.

Further, this is not a case where the contract provision providing for

---

[11] *See Children's Hosp. & Research Ctr. Oakland, Inc. v. Serv. Employees Int'l Union*, 2012 WL 4891594, at *2 (N.D. Cal. Oct. 12, 2012) (considering motion for declaratory judgment that there was no right to compel arbitration and cross-petition to compel arbitration); *Granite State Ins. Co. v. Clearwater Ins. Co.*, No. C 13-2924 SI, 2013 WL 4482948, at *2 (N.D. Cal. Aug. 19, 2013) (considering petition to appoint umpire in single arbitration proceeding and cross-petition to compel arbitration in three separate arbitrations). *See also Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1049 (9th Cir. 1999) (considering consolidated appeal regarding subject matter jurisdiction of various petitions to compel arbitration).

arbitration specifically requires the arbitrator to determine which parties may be joined in the arbitration. P*ortland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*, 862 F.3d 981, 985–86 (9th Cir. 2017). The contract provision at issue here provides that "any claim or dispute …shall be subject to arbitration." The contract is silent on the rules governing the arbitration and who should determine whether a third party may be joined in the arbitration. It is true that Eriksson is not a party to the contract, however that is not necessarily dispositive.

The Ninth Circuit explained in *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185 (9th Cir. 1986), that non-signatories to a contract with an arbitration provision may be bound by the agreement (and arbitration provision) under ordinary contract principles, including equitable estoppel. "Equitable estoppel 'precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'" *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (citing *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 267 (5th Cir. 2004)).

Equitable estoppel, in the arbitration context has generated two lines of cases. Under the first line of cases, non-signatories have been held to arbitration clauses in circumstances where the non-signatory "knowingly exploits the agreement containing the arbitration clause despite having never signed the

agreement." *Id*. at 1101 (internal quotations omitted). Under the second line of cases, signatories have been compelled to arbitrate claims brought by non-signatories because of the "close relationship between the entities involved." *Id*. (internal quotations omitted). Here Olympus, a signatory, is asserting equitable estoppel against Eriksson, a non-signatory. Eriksson may be compelled to arbitrate if Olympus can make a showing that Eriksson knowingly exploited the JED-Olympus contract. *See Id*.

The problem here is that the parties have treated the cross-petition as a pleading and have not filed briefing addressing the merits of the petition. The motion to dismiss and the responses filed thereto addresses some of the issues. But, no exhibits have been attached to either support or rebut Olympus' assertions. The Court could find that Olympus has failed to meet its burden to compel Eriksson to arbitrate. However, this finding would be premature because there has been no briefing or exhibits filed in support of, or opposition to, the petition. Instead the Court will allow the parties to file supplemental briefing addressing the merits of Olympus' petition.

For the reason's discussed above, the Court will deny JED's motion to strike

Olympus' cross-petition. The Court will also deny Eriksson's motion to dismiss.[12]

The Court will allow the parties to submit supplemental briefing in support of

Olympus' cross-petition. Olympus shall file a brief in support within 10 days of

this order. JED and Eriksson shall have 5 days after Olympus files its brief to file

responses. The Court will then resolve Olympus cross-petition.

## ORDER

**IT IS ORDERED that:**

1.  JE Dunn's Petition to Compel Arbitration (Dkt. 1) is **GRANTED.**

2.  JE Dunn's Motion to Compel Arbitration (Dkt. 8) is **DENIED as MOOT.**

3.  JE Dunn's Motion to Strike Olympus' Counterclaims (Dkt. 8) is **GRANTED.**

4.  JE Dunn's Motion to Strike Olympus' Cross-Petition (Dkt. 15) is **DENIED.**

5.  Eriksson Technologies' Motion to Dismiss (Dkt. 21) is **DENIED.**

---

[12] Because the petition is treated as a motion Eriksson should have filed responsive briefing, similar to a motion for summary judgment. A 12(b)(2) motion for lack of subject matter jurisdiction may be raised as a defense to a petition to compel arbitration. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009). But, it appears that a 12(b)(6) motion doesn't apply. In considering a petition (or motion) to compel arbitration the Court may consider evidence outside of the pleadings, however it may not do so in resolving a 12(b)(6) motion. *See Krasemann v. Scholastic Inc.*, 2019 WL 3220535, at *2 (D. Ariz. July 17, 2019). Thus a 12(b)(6) motion seems to be an improper way to object to a petition to compel arbitration.

6.    Olympus shall file a brief in support of its cross-petition to compel

arbitration within 10 days of this order. JED and Eriksson shall file

their responses no more than 5 days after the filing of Olympus' brief.

DATED: August 3, 2020

B. Lynn Winmill
U.S. District Court Judge